**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAMSIDDIN A. ABDUR-RAHEEM, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> NEW JERSEY DEPARTMENT OF : <br> CORRECTIONS, et al. : <br> : <br> Defendants. : | Civil Action No. 15-1743 (MAS) <br><br> OPINION |

**SHIPP, District Judge:**

*Pro se* Plaintiff Shamsiddin A. Abdur-Raheem, confined at New Jersey State Prison in Trenton, New Jersey, files the instant Complaint pursuant to 28 U.S.C. § 1983, alleging various violations of his constitutional rights. Plaintiff also asks the Court to certify this matter as a class action. Having previously granted Plaintiff *in forma pauperis* status, the Court must now review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). For reasons stated below, the Court denies class action certification, dismisses Defendant New Jersey Department of Corrections on immunity grounds, and will allow Plaintiff's individual claims to proceed.

## I. FACTUAL BACKGROUND

Because the Court will allow all of Plaintiff's substantive, individual claims to proceed, the Court recites only minimal facts for the purposes of this Opinion. Plaintiff is a convicted and sentenced state prisoner in state custody since November 7, 2012. (ECF No. 1 at 13.) In the Complaint, Plaintiff alleges a litany of federal civil rights claims and related state law tort claims, and seeks to certify the suit as a class action. The Complaint names New Jersey Department of Corrections ("NJDOC"), nine named-individuals, and other unnamed individuals as defendants. Although Plaintiff seeks class certification, the Complaint is devoid of any factual allegations that any other individual has been subjected to the same alleged acts and violations that Plaintiff allegedly has experienced. Instead, Plaintiff attempts to generalize his alleged experiences, claiming without factual substantiation that other unnamed individuals must have experienced the same problems as Plaintiff. Plaintiff reasons that the Court should grant his request for class certification based solely on his representation that the issues raised by his Complaint "affect[] such a large number and class of people." (ECF No. 1 at 64).

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* This action is subject to *sua sponte* screening for dismissal under

these statutes because Plaintiff is proceeding *in forma pauperis*, he is a prisoner, and he seeks redress from a governmental entity.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

The Court will allow Plaintiff's individual claims to proceed, as the Court finds that those claims are neither frivolous nor malicious, and have at least facially stated claims for which relief can be granted. However, the Court finds that Plaintiff has not demonstrated the necessary elements required for class action certification, and will also dismiss Defendant NJDOC from the suit on immunity grounds.

#### A. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or

Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). This Court has repeatedly held that NJDOC is a state agency for the purposes of the Eleventh Amendment immunity. *See, e.g., Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466 (MAS), 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014).

Because Defendant NJDOC is state agency immune from § 1983 suits, all claims against NJDOC will be dismissed without prejudice.

### B. Class Action Certification

Rule 23 of the Federal Rules of Civil Procedure requires that in order for a plaintiff to obtain class action certification, four elements must be satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a).

Although "[n]o minimum number of plaintiffs is required to maintain a suit as a class action, [] generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). Here, Plaintiff fails to allege any facts regarding the number of purported class members. Even construing the Complaint liberally, the Complaint at best alleges that a handful of

inmates may have experienced some of the alleged violations as pled by Plaintiff, a number far less than 40. Furthermore, "the commonality requirement will be satisfied if the named plaintiffs share at least one common question of fact or law with the grievances of the prospective class." *Id.* at 227. Here, the Complaint focuses entirely on events that Plaintiff allegedly experienced, without any factual allegations that others have experienced similar treatment or events, therefore it is impossible for the Court to determine whether commonality exists between the members of the alleged class; Plaintiff assumes that the events he allegedly experienced are typical of other prisoners without any factual basis to substantiate that assumption.

Lastly and most importantly, this Court has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action. *See Ali v. Jersey City Parking Auth.*, No. 13-2678, 2014 WL 1494578, at *8 (D.N.J. Apr. 16, 2014); *Blackburn v. Aventis Pharm. Inc.*, No. 06-4951, 2006 WL 3544980, at *3 n.1 (D.N.J. Dec. 8, 2006); *Cahn v. U.S.*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983)). Accordingly, the Court denies Plaintiff's request for class certification.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's request for class action certification is DENIED, Defendant NJDOC is DISMISSED, and the Complaint is allowed to proceed only with respect to Plaintiff's individual claims.

                                                /s/ Michael A. Shipp
                                            Michael A. Shipp, U.S.D.J.

Dated: 4/30/15