**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAMSIDDIN A. ABDUR-RAHEEM, | : | |
| Plaintiff, | : | Civil Action No. 15-1743 (MAS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Shamsiddin A. Abdur-Raheem, confined at New Jersey State Prison in Trenton, New Jersey, filed the instant Complaint pursuant to 28 U.S.C. § 1983, alleging various violations of his constitutional rights. Presently before the Court is Plaintiff's Motion for Reconsideration ("Motion"), (ECF No. 9), challenging the Court's April 30, 2015 denial of Plaintiff's request for class certification, (ECF Nos. 5 & 6). For reasons stated below, the Court denies the Motion.

### I.     STANDARD OF REVIEW

A motion for reconsideration of a final judgment is governed in this District by Local Civil Rule 7.1(i). *Treusch v. Center Square Supermarket, LLC*, No. 11-4874, 2013 WL 1405031, at \*3 (D.N.J. Apr. 5, 2013). Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice. *U.S. ex rel. Schumann v. Astrazeneca Pharm.*

*L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F.

Supp. 3d 483, 515 (D.N.J. 2014).  To prevail under the third prong, the movant must show that

"dispositive factual matters or controlling decisions of law were brought to the court's attention

but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-

78 (D.N.J. 2012) (quotation and citation omitted).  The standard of review involved in a motion

for reconsideration is high and relief is to be granted sparingly. *Id.* at 78.

## II.    DISCUSSION

Plaintiff does not point to an intervening change in the controlling law since the Court's

denial of class certification, nor does Petitioner rely on any new evidence that was not available

when the Court rendered the prior judgment.  As such, the Court analyzes Petitioner's arguments

solely under the third prong described above, the need to correct a clear error of law or fact or to

prevent manifest injustice.

Rule 23 of the Federal Rules of Civil Procedure requires that in order for a plaintiff to

obtain class action certification, four elements must be satisfied: "(1) the class is so numerous that

joinder of all members is impracticable; (2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the

class; and (4) the representative parties will fairly and adequately protect the interest of the class."

Fed. R. Civ. P. 23(a).

In the prior opinion, a key rationale for the Court's denial of class certification was that:

[A] prisoner proceeding *pro se* is inadequate to represent the interests of his fellow
inmates in a class action. *See Ali v. Jersey City Parking Auth.*, No. 13-2678, 2014
WL 1494578, at *8 (D.N.J. Apr. 16, 2014); *Blackburn v. Aventis Pharm. Inc.*, No.
06-4951, 2006 WL 3544980, at *3 n.1 (D.N.J. Dec. 8, 2006); *Cahn v. U.S.*, 269 F.

2

Supp. 2d 537, 547 (D.N.J. 2003); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983)).

(Op. 5, Apr. 30, 2015, ECF No. 5.)  The Court reaffirms that reasoning here.  *See Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."); *Alexander v. N.J. State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates.")

Plaintiff cites to Federal Rule of Civil Procedure 23(g)[1] for the proposition that "[t]his last point would be irrelevant in the event class certification is granted, because, the Court would then be compelled to *sua sponte* appoint class counsel." (Pl.'s Mot. Br. 9.)  However, "Rule 23(g) is made applicable to the appointment of counsel *following* . . . class certifications." *Sheinberg v. Sorensen*, 606 F.3d 130, 133 (3d Cir. 2010) (emphasis added).  Because the Court denied class certification, Rule 23(g) is not even applicable to the present matter.  Nevertheless, the essence of Plaintiff's argument is not lost on the Court—Plaintiff may request the appointment of a *pro bono* counsel, who may subsequently agree to assist Plaintiff with his class action claims.  *See Arrango v. Ward*, 103 F.R.D. 638, 639 (S.D.N.Y. 1984) (court-appointed counsel, after appointment, sought to amend the complaint to assert class action claims and seek class certification); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009) (finding that the district court abused its discretion in denying class certification when plaintiffs had a pending motion for the appointment of counsel).

---

[1]     Rule 23(g) states, "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g).

Here, however, Plaintiff has not sought the appointment of counsel. "The inquiry that a court should make regarding the adequacy of representation requisite of Rule 23(a)(4) is to determine that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously, that *he or she has obtained adequate counsel*, and that there is no conflict between the individual's claims and those asserted on behalf of the class." *Hassine v. Jeffes*, 846 F.2d 169, 179 (3d Cir. 1988) (emphasis added); *see Oxendine*, 509 F.2d at 1407 ("Ability to protect the interests of the class depends in part on the quality of counsel[.]"); *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (approving *Oxendine*); *Douglas v. Clark*, No. 92-1533, 1993 WL 137718, at *1 (7th Cir. Apr. 30, 1993) ("Clearly the ability to protect the interests of a class depends in part on the quality of counsel."). Because Plaintiff has yet to obtain counsel or seek to have one appointed, the Court's inquiry is still limited to whether Plaintiff, a *pro se* prisoner litigant, can, on his own, fairly and adequately protect the interest of the class. The answer to that inquiry, of course, has been answered above and requires no further analysis. *See Powers v. Clay*, No. 11-0051, 2012 WL 642258, at *5 (S.D. Tex. Feb. 27, 2012) ("[Plaintiffs] posit that they would get appointed counsel if a class were certified. This approach puts the cart before the horse. Plaintiffs were not appointed counsel and have not been able to persuade any attorneys to represent them *pro bono*."). Having found that Plaintiff fails to satisfy an essential element of class certification under Rule 23, the Court need not address Plaintiff's other arguments for class certification on reconsideration. Accordingly, the Court denies the Motion.

## III.   CONCLUSION

For the reasons set forth above, the Motion is DENIED.


_____
**Michael A. Shipp, U.S.D.J.**

Dated:  12/16/15