**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAMSIDDIN A. ABDUR-RAHEEM, | |
| Plaintiff, | Civil Action No. 15-1743 (MAS) (TJB) |
| v. | **OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**SHIPP, District Judge**

*Pro se* Plaintiff Shamsiddin A. Abdur-Raheem, confined at New Jersey State Prison ("NJSP") in Trenton, New Jersey, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights and other related state law claims. Presently before the Court is Defendants' Second Motion to Dismiss ("Motion") Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). (Mot., ECF No. 91-1.) Plaintiff opposes the Motion. (*See* Pl.'s Opp'n Br., ECF No. 94.) For the reasons stated below, the Court grants the Motion in part, and denies it in part.

**I.     PROCEDURAL BACKGROUND**

On March 10, 2015, Plaintiff filed a civil rights complaint setting forth a litany of claims. (Compl., ECF No. 1.) Upon screening, the Court dismissed Defendant New Jersey Department of Corrections on immunity grounds, and allowed Plaintiff's individual claims to proceed. (Op. & Order, Apr. 30, 2015, ECF Nos. 5 & 6.) Defendants filed a motion to dismiss on October 20, 2015. (First Mot. to Dismiss, ECF No. 24.) The Court denied the motion to dismiss on Plaintiff's First

Amendment claim arising out of the prison's cell phone rule, as well as Plaintiff's retaliation claim arising out of alleged fabricated disciplinary proceedings. (Op. & Order, Mar. 20, 2017, ECF Nos. 59–60.) The Court granted the motion to dismiss on all other claims. (*Id.*) Plaintiff filed a motion for reconsideration of that order, which the Court denied. (Mem. Op., Nov. 7, 2017, ECF No. 68.) On February 7, 2018, Plaintiff filed a motion to amend his complaint. (Mot. to Amend, ECF No. 76.) The Court granted Plaintiff's motion. (Order, Mar. 22, 2018, ECF No. 84.) On April 5, 2018, Plaintiff filed an Amended Complaint raising numerous claims against various defendants. (Am. Compl., ECF No. 87.) On May 16, 2018, Defendants Antonio Campos, Stephen D'Ilio, John Falvey, Corey Forbes, Donald Kilpatrick, Gary M. Lanigan, and George Robinson filed the instant Motion. (Mot.) Plaintiff filed a brief in opposition (Pl.'s Opp'n Br.), Defendants filed a reply, (Reply, ECF No. 97), and Plaintiff filed a sur-reply (Sur-Reply, ECF No. 98).

In his Amended Complaint, Plaintiff raises numerous claims, many of which were thoroughly addressed and dismissed in this Court's opinion granting in part, and denying in part, Defendants' first motion to dismiss the complaint (*see* Op., Mar. 20, 2017), as well as in this Court's memorandum opinion denying Plaintiff's motion for reconsideration (Mem. Op., Nov. 7, 2017). Familiarity with those opinions is presumed, and the Court will not recount the factual background or the Court's analysis of those claims in detail here.

## II.   **LEGAL STANDARD**

Under FRCP 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Rule[1] 12(b)(1),

---

[1] All references to rules herein refer to Federal Rules of Civil Procedure.

the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On a facial attack, the Court considers only the allegations of the complaint and documents referenced therein, construing them in the light most favorable to the plaintiff. *Pearson v. Chugach Gvt. Svcs. Inc.*, 669 F. Supp. 2d 467, 469–70 (D. Del. 2009). On a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

In resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, *pro se* pleadings are liberally construed. *See Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "*pro se* litigants still must allege sufficient facts in their

3

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

The Amended Complaint includes the following causes of action: (1) due process violations; (2) a freedom of speech violation; (3) state law negligence, gross negligence, and intentional infliction of emotional distress; (4) an equal protection violation; (5) an Eighth Amendment cruel and unusual punishment violation; (6) violations under New Jersey's Open Public Records Act ("OPRA"); (7) denial of access to the courts; (8) deprivation of property; (9) denial of right to petition the government; (10) violations under the New Jersey Civil Rights Act; and (11) libel and slander claims. (Am. Compl. 26–54.) Defendants seek to dismiss the Amended Complaint, with the exception of the two claims that have previously been permitted by this Court—Plaintiff's claim arising out of the New Jersey Department of Corrections' ("NJDOC") cell phone policy, and Plaintiff's retaliation claim.[2] (Mot. 1–2.) Defendants move to dismiss the state law claims, and claims against them in their official capacities, pursuant to Rule 12(b)(1). (*Id.* at 5.) With respect to the remaining claims, Defendants allege that the Amended Complaint fails to state a claim for relief because Plaintiff provides limited additional facts to cure his original deficiencies. (*Id.* at 1–2.)

### A. Official Capacity

It is well established that "[s]tate officers sued for damages in their official capacity are not 'persons'" under § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State*

---

[2] In their reply brief, Defendants concede that Plaintiff raises due process violations against Defendants D'Ilio and Campos, but choose not to address those claims in the instant Motion. (*See* Reply Br. 6 n.2.) Accordingly, the Court will not address those claims here.

4

*Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiffs' § 1983 claims for *damages* against the Defendants in their official capacities are dismissed with prejudice.

### B. Due Process Claims

#### 1. *Involuntary Protective Custody*

Defendants allege that Plaintiff's due process claims arising out of his placement in Involuntary Protective Custody ("IPC") should be dismissed for failure to state a claim. (Mot. 12.) The Court agrees. It is clear that Plaintiff is attempting to revive his IPC claim, by reasserting that his placement in IPC without a hearing violates his due process rights and that his inability to congregate with other inmates amounts to a constitutional violation. (Am. Compl. 8.) Plaintiff, however, adds no significant facts that would change this Court's analysis from when it initially dismissed this claim and subsequently denied Plaintiff's motion for reconsideration. As previously explained, the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), foreclosed the argument that placement in segregated confinement necessarily violates an inmate's due process rights. 515 U.S. at 486. Because Plaintiff cannot establish an underlying "deprivation of a legally cognizable liberty interest," *Huertas v. Sec'y Pa. Dep't of Corr.*, 553 F. App'x 64, 66 (3d Cir. 2013), he fails to demonstrate a violation of his due process rights. The Court, therefore, grants Defendants' Motion on Plaintiff's due process claim arising out of his placement in IPC for reasons already expressed in its March 20, 2017 and November 7, 2017 Opinions.

#### 2. *Grievances*

In his Amended Complaint, Plaintiff asserts a due process violation against Defendant Kilpatrick for failing to process his grievances after his property was confiscated. (Am. Compl. 27.) Defendants contend that inmates have no due process right to a prison grievance procedure. (Reply Br. 5–6.) Defendants' Motion is granted with respect to Plaintiff's due process claim

5

against Defendant Kilpatrick. *See Davis v. N.J. Dep't of Corr.*, No. 17-6898, 2018 WL 4179462, at \*9 (D.N.J. Aug. 31, 2018) (quoting *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007)). ("Prisoners do not have a constitutional right to prison grievance procedures. Thus, defendants' alleged obstruction of such procedures is not independently actionable.")

### C. State Law Tort Claims

Defendants contend, once again, that Plaintiff's state law tort claims—negligence, gross negligence, and intentional infliction of emotional distress—should be dismissed because Plaintiff failed to file a timely notice of tort claim under New Jersey state law. (Mot. 14.) The Court addressed this claim in its March 20, 2017 Opinion, explaining that because Plaintiff had not *pled* that he filed the notice of tort claim, he failed to demonstrate the basis of the Court's jurisdiction as required under Rule 8. (*See* Op. 14–19, ECF No. 59.) In the Amended Complaint, Plaintiff pleads that he filed a notice of tort claim. (*See* Am. Compl. 25; Opp'n Br. 18.) Defendants argue that this contradicts the exhibit attached to their initial motion to dismiss, which contains a certification establishing that there is no public record of Plaintiff having filed a notice of tort claim. (*See* Certification, ECF No. 24-4.)

The Court is mindful that, except in limited circumstances, it may not consider matters outside the pleadings in deciding a motion to dismiss without converting the motion into one for summary judgment. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Thus, the Court is required to accept as true the facts contained in Plaintiff's Amended Complaint and cannot, for purposes of this Motion, dismiss Plaintiff's state law tort claims on the basis of the certification. As such, the Court denies Defendants' Motion on Plaintiff's state law tort claims for negligence, gross negligence, and intentional infliction of emotional distress.

### D. Equal Protection Claims

Plaintiff alleges that Defendants, when committing their many acts of alleged misconduct, denied him equal protection of the law as a class of one by singling him out over other inmates. (Am. Compl. 38–40.) Plaintiff raises his equal protection claim for the first time in his Amended Complaint. Defendants contend that Plaintiff fails to make an equal protection argument. (Mot. 17–19.)

In order to plead a claim for a violation of equal protection, a plaintiff must allege either that he is "a member of a protected class and was treated differently from [others not belonging to that class], or [that] he belongs to a 'class of one' and was treated differently from others similarly situated without any rational basis for the difference in treatment." *Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). Where a plaintiff fails to identify a suspect class to which he or she belongs or show that defendants violated a fundamental right, his or her claim must be brought pursuant to a "class-of-one" theory. *See Danihel v. Office of President of U.S.*, 616 F. App'x 467, 470 (3d Cir. 2015). To state a claim under such a theory, a plaintiff must show that "(1) the defendant treated him or her differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Overly v. Garman*, 599 F. App'x 42, 43 (3d Cir. 2015) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006)).

The Court first notes that "[p]risoners . . . are not considered members of a protected class." *Simms v. Shartle*, No. 12-5012, 2013 WL 1089276, at *2 (D.N.J. Mar. 13, 2013). Thus, Plaintiff can only prevail on his equal protection claim by providing facts establishing that Defendants' actions were intentional and that there was no rational basis for the alleged difference in treatment.

7

Plaintiff has not provided such facts. For example, Plaintiff states that Defendant Forbes placed contraband in his cell, fabricated disciplinary charges against him and caused Plaintiff's property to become missing. (Am. Compl 38.) Apart from his conclusory allegations that he was "singled . . . out" for these actions, he provides no facts establishing that he, as opposed to other inmates, was intentionally treated this way. *See Iqbal*, 556 U.S. at 678 (explaining that a pleading must offer more than mere labels and conclusions.) As a second example, Plaintiff alleges that Defendant Kilpatrick confiscated Plaintiff's legal document and fabricated disciplinary charges against him, which "singled Plaintiff out" insofar as Kilpatrick allowed other inmates' legal material to be secure.[3] (Am. Compl. 39.) This argument is similarly conclusory. Accordingly, Defendants' Motion is granted on Plaintiff's equal protection claims.

### E. Toilet Incident

Plaintiff also reasserts his sanitation claim related to NJSP's "ping-pong toilets", whereby upon flushing, the waste in one inmate's cell enters the toilet in a neighbor's cell. (Am. Compl. 14.) This time Plaintiff names the Defendants allegedly involved in failing to remedy the issue. He claims that he submitted grievances to Defendants Alaimo and Campos, who "assumed the responsibility to respond to these grievances but no remedial action ensued." (*Id.*)

The Eighth Amendment right against cruel and unusual punishment extends to the conditions of an inmate's confinement. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To prevail on a conditions of confinement claim, an inmate must be able to allege, "(1) the prison official deprived the prisoner of the minimal civilized measure of life's necessities; and (2) the prison

---

[3] Plaintiff raises similar "class of one" arguments against numerous other Defendants, arguing, along the same lines, that the alleged misconduct singled Plaintiff out over other inmates. (Am. Compl. 38–40.) The Motion is granted as to all Defendants with respect to Plaintiff's equal protection claims.

8

official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (citation omitted). Defendants contend that Plaintiff fails to meet either the objective or subjective prong of his conditions of confinement claim. The Court disagrees and denies Defendants' Motion on this claim.

Plaintiff gives sufficient detail to establish the serious nature of the alleged violation— namely, that his neighbor's waste has contaminated his toilet and cell. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)) (explaining that the objective component of a conditions of confinement claim is "contextual and responsive to 'contemporary standards of decency.'"). Regarding the subjective component, Defendants state that "Plaintiff pleads no facts indicating that [D]efendant Campos became aware that the problem with the toilets constituted an excessive risk to Plaintiff's health or safety and then acted deliberately indifferent with regard to that risk." (Mot. 22.) Plaintiff, however, does state that he made Defendants Campos and Alaimo aware of the "ping-pong toilets" by submitting grievances, and both Defendants failed to take any remedial action. (Am. Compl. 14.) The Court construes the allegations in Plaintiff's Amended Complaint as true and, accordingly, denies Defendants' Motion on the issue of NJSP's ping-pong toilets.

### F. OPRA Violation

Plaintiff realleges his allegation of Defendant Falvey's violation of New Jersey's OPRA. (Am. Compl. 19, 43.) The Court reiterates its prior decision declining to grant supplemental jurisdiction on Plaintiff's OPRA claims. (*See* Op. 37–40, Mar. 20, 2017.) The Court, accordingly, grants Defendants' Motion on Plaintiff's OPRA claim.

9

## G. Denial of Access to the Courts/Right to Petition the Government

Plaintiff reasserts his argument that he has been denied access to the courts based upon the confiscation of his legal materials and books. (Am. Compl. 45.) Plaintiff explains that the confiscation of his legal materials by Defendant Forbes caused him "to miss the filing deadline for his assault claims that resulted in his claims being time-barred and dismissed with prejudice in this instant action[.]" (*Id.*) He also states that the confiscation of a legal document by Defendant Kilpatrick prohibited him from "argu[ing] a legal claim in his direct appeal." (*Id.*) Finally, Plaintiff asserts that he was never provided a hearing to challenge the confiscation of his documents, thus eliminating his ability to file a timely notice of appeal.[4] (*Id.*)

As this Court previously explained, in order to establish a plaintiff's right to access has been violated, a plaintiff must demonstrate that: "(1) he suffered an 'actual injury' (*i.e.*, that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy . . . that can possibly compensate for the lost claim." *See Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)). Prisoners bringing access to the court claims "must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205–06 (citing *Christopher v. Harbury*, 536 U.S. 403, 416–17 (2002)). Furthermore, conclusory allegations that an inmate suffered prejudice will not support an access to courts claim. *See Duran v. Merline*, 923 F. Supp. 2d 702, 722–23 (D.N.J. 2013). As such, an

---

[4] Plaintiff also maintains that Defendants Campos and D'Ilio should be liable for failing to redress his grievances related to the confiscation of his documents. (Am Compl. 46.) Because a plaintiff must plead that a defendant was personally involved in any alleged misconduct, *see Chavarriaga*, 806 F.3d at 222, Plaintiff's argument fails, and the Motion related to Plaintiff's denial of access to the Courts is granted as to these Defendants.

10

access to courts claim will be subject to dismissal where "the Court [is] left to guess whether the suit had any merit." *Sanders v. Rose*, 576 F. App'x. 91, 94 (3d Cir. 2014).

In his Amended Complaint, Plaintiff specifically states that after Defendant Forbes confiscated Plaintiff's legal document, "Defendant Forbes then came to Plaintiff's cell . . . to return the document back to Plaintiff." (Am. Compl. 15.) Plaintiff then states that sometime later, "Plaintiff voluntarily handed Defendant Kilpatrick the document, and he walked away from Plaintiff's cell with the document in hand." (*Id*. at 16.) Thus, Defendant Forbes cannot be liable for this alleged action, as it was Defendant Kilpatrick that confiscated the legal document.

With respect to Defendant Kilpatrick, Plaintiff states that the confiscation of his legal document "was the direct and proximate cause of him not being able to raise and argue a legal claim in his direct appeal, causing it to be denied." (*Id*. at 45.) Plaintiff has neither elaborated on the legal claim he was unable to raise, nor described its underlying merits. This is insufficient to state a claim for the denial of access to the courts. *See Riley v. Kuzar*, No. 17-0516, 2017 WL 4931691, at *5 (M.D. Pa. Oct. 31, 2017) (citing *Monroe*, 536 F.3d at 205–06) ("It is not enough for an inmate to show some sort of denial of access without further elaboration. . . . In addition, [t]he complaint must describe the underlying arguable claim well enough to show that it is more than mere hope, and it must describe the lost remedy.") (internal quotation marks omitted).

In his original Complaint, Plaintiff raised a claim that he was assaulted. (*See* Compl. 6.) The Court, however, dismissed that claim as untimely. (Op. & Order, Mar. 20, 2017.) Here, in Plaintiff's Amended Complaint, Plaintiff states that his inability to access his legal material while he was in prehearing detention caused him to miss the filing deadline on his assault claim, which caused the Court's dismissal. (Am Compl. 45.) As noted by the Court in its Opinion on Defendants' first motion to dismiss, Plaintiff was in detention for a limited two-month period. (*See*

Op. 12, Mar. 20, 2017.) Thus, Plaintiff was free to file his assault claim at any time before or after the limited period in which he was in detention. Accordingly, Plaintiff fails to establish that he was *actually injured* by his inability to access his legal material while in detention. *See, e.g., Grimes v. Small*, 34 F. App'x 279, 280 (9th Cir. 2002) (holding mere fact that inmate was denied access to library on seven out of twenty-day period for filing objections to magistrate recommendation did not amount to actual injury). Furthermore, in his original Complaint, Plaintiff only made generalized claims that he was assaulted, and he failed to identify the specific individuals who committed the alleged assaults. (*See* Compl. 6.) Thus, Plaintiff did not provide sufficient facts to establish that his underlying assault claim was non-frivolous and would have been permitted to proceed even had it been considered timely. *See Schreane*, 482 F. App'x at 676. Accordingly, Plaintiff fails to prove that he suffered an "actual injury" when he was denied access to his legal materials while in pre-hearing detention. *Id.*

Finally, Plaintiff argues that he was denied a hearing to challenge the confiscation of his legal document which caused him to miss his time to appeal the lack of hearing in the state appellate courts. (Am. Compl. 17, 45.) This claim also fails because Plaintiff has not established that he had no other remedy to compensate for the lost claim. As the Third Circuit has explained, the "[d]eprivation of inmate property by prison officials does not give rise to [a] cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). In this case, Plaintiff could have filed, and may still be able to file, a tort-action in state court with respect to his confiscated material. *See Williams v. Gartrell*, No. 15-5609, 2015 WL 5110913, at *3 (D.N.J. Aug. 31, 2015) (explaining that inmates may file a common-law tort action under the

New Jersey Tort Claims Act for deprivation of property.) Accordingly, Defendants' Motion on Plaintiff's denial of access to the Courts claim is granted.

Plaintiff makes a separate legal argument that his right to petition the government was denied by Defendant Ganesh who failed to file his property grievance. (Am. Compl. 49–50.) The Court first notes that the denial of access to the court and the denial of the right to petition the government are analyzed under the same standards. *See Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011) (citation omitted) ("[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government."). Here, because prisoners have no right to an inmate grievance system nor a right to have complaints heard via such a system, the alleged interference in Plaintiff's filing is insufficient to state a cognizable claim for relief under § 1983. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n.4 (D.N.J. Feb. 16, 2012); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). As such, Plaintiff cannot establish that he suffered an *actual injury* by the alleged interference in his right to petition the government. *See Schreanet*, 482 F. App'x at 676. The Motion is, therefore, granted on Plaintiff's right to petition the government claim.[5]

### H. Deprivation of Property

Plaintiff realleges that his rights were violated when Defendant Kilpatrick confiscated his personal property, consisting of a certain legal document. (Am. Compl. 48.) For the reasons

---

[5] Plaintiff makes a separate right to petition the government argument against Defendants Kilpatrick, Forbes, Campos and D'Ilio, citing the same facts he cited on his denial of access to the courts claim. The Court will not revisit those arguments. In addition, Plaintiff argues that Defendant Cullen should be liable for failing to file his petition for a rule change on the prison's cell phone policy. Because the prison's cell phone policy was previously permitted, Plaintiff cannot establish, at this time, that Defendant Cullen caused him to lose a meritorious claim. *See Schreane*, 482 F. App'x at 676.

13

previously expressed by the Court, this argument fails to state a claim. (*See* Op. 33–34, Mar. 20, 2017); (Mem. Op. 3, Nov. 7, 2017.) Defendant's Motion, therefore, is granted as to Plaintiff's claim arising out of his alleged deprivation of property.

### I. **Libel and Slander**

Plaintiff raises, for the first time, claims against Defendants Forbes, Kilpatrick, Zimmerman, and Swift for libel and slander. (Am. Compl. 53–54.) He alleges that Defendants Forbes and Kilpatrick fabricated written charges against him. (*Id.* at 53.) He also alleges that Defendants Zimmerman and Swift should be liable for "biasly [sic] adjudicating Plaintiff guilty in writing[.]" (*Id.*) Defendants respond that Plaintiff references only *actions* taken by Defendants, which fails to meet the requirements to state a claim for defamation under state law. (Mot. 31.)

Under New Jersey defamation law, "the plaintiff bears the burden of establishing, in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'" *Petersen v. Meggitt*, 969 A.2d 500, 507 (N.J. Super. Ct. App. Div. 2009) (quoting *Feggans v. Billington*, 677 A.2d 771, 775 (N.J. Super. Ct. App. Div. 1996)). The plaintiff also bears the burden of proving fault—either negligence or malice—depending on whether the matter is one of private or public concern. *Id.* Here, Plaintiff has not provided sufficient facts to suggest that any of the named Defendants made false statements about Plaintiff; he makes only conclusory assertions that the charges were fabricated or biased. This fails under the standards laid out in *Iqbal* and, therefore, the Motion is granted as to Plaintiff's libel and slander claims.

### J. **New Jersey Civil Rights Act**

Plaintiff contends that he is entitled to recovery under the New Jersey Civil Rights Act ("NJCRA"). (Am. Compl. 51–52.) Because "[t]his district has repeatedly interpreted NJCRA

analogously to § 1983," the Court's analysis is controlling with respect to all the claims addressed in this Opinion. *See Hottenstein v. City of Sea Isle City*, No. 11-740, 2011 WL 3651302, at *4 (D.N.J. Aug. 18, 2011).

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES the Motion as to Defendants Alaimo and Campos on Plaintiff's Eighth Amendment claim related to NJSP's "ping-pong" toilets and DENIES the motion on Plaintiff's state law tort claims for negligence, gross negligence, and intentional infliction of emotional distress. The Court GRANTS the Motion on all other claims that Defendants have sought to dismiss in their Motion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: December 31, 2018