# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHAMSIDDIN A. ABDUR-RAHEEM,

       Plaintiff,

       v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS *et al.*,

       Defendants.

Civil Action No. 15-1743 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on pro se Plaintiff Shamsiddin A. Abdur-Raheem's ("Plaintiff") Motion to Reopen the Case. (ECF No. 128.) Defendants opposed (ECF No. 129), and Plaintiff replied (ECF No. 130). Plaintiff's Motion to Reopen—filed four months after the Court dismissed his case with prejudice for lack of prosecution and failure to comply with the Court's orders (ECF No. 127)—is effectively a motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b).[1] *See Won Soon Choi v. Costco Wholesale Corp.*, No. 19-17916, 2020 WL 5835146, at *2 (D.N.J. Oct. 1, 2020).

In support of Plaintiff's Motion, he submitted a certification attesting that after February 5, 2020, he never "received any filings or documents from this Court or the [D]efendants regarding this case." (Pl.'s Cert. ¶ 5, ECF No. 128-1.) Instead, copies of all filings were sent to Plaintiff's former attorney, whose representation ended in 2018.[2] (*Id.* ¶ 4.) As a result, Plaintiff claims that he was unaware of an order to show cause issued by the Honorable Tonianne J. Bongiovanni,

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[2] Plaintiff's former counsel never e-filed correspondence formally withdrawing from the case after his limited representation concluded. Because it still appeared as if Plaintiff was represented by counsel, all copies of filings were mailed to his former attorney for a nearly 14-month period.

U.S.M.J., or the Court's orders instructing him to respond until after his case was dismissed in March 2021. (*See id.* ¶ 7.) On review of its docket and corresponding history of mailings, the Court finds it likely that Plaintiff did not receive any filings leading up to the termination of his case. (*See* ECF Nos. 122-27.) As such, and considering Plaintiff's pro se and incarcerated status, the Court finds good cause to reopen this matter. Specifically, because Plaintiff's case was primarily dismissed for failure to comply with the Court's orders that he did not receive while incarcerated, it would be unjust to deny Plaintiff an opportunity to be heard on the merits. *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (Rule 60(b)(6) allows for relief from a final judgment under exceptional circumstances); *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) ("[W]hen through no fault of his own, a pro se litigant does not receive notice of the order . . . he seeks to [oppose], it would be unjust to deprive him of the opportunity to present his claim to this [C]ourt.").

     **IT IS THEREFORE**, on this  10th  day of February 2022, **ORDERED** as follows:

1.     The Court **GRANTS** Plaintiff's Motion to Reopen the Case under Rule 60(b) (ECF No. 128).

2.     The Clerk of the Court shall **REOPEN** this matter.

3.     The Court **VACATES** its Order dismissing Plaintiff's Complaint with prejudice (ECF No. 127).

4.     The Clerk of the Court shall mail a copy of this Order and all subsequent filings to Plaintiff directly.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE