**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAMSIDDIN A. ABDUR-RAHEEM,

Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

Civil Action No. 15-1743 (MAS) (TJB)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Defendants' unopposed second motion for summary judgment. (ECF No. 190.) Also before the Court is the Court's order directing Plaintiff to show cause as to why his claims against the remaining unserved Defendants should not be dismissed for lack of service and failure to prosecute (ECF No. 187), to which Plaintiff did not respond. For the following reasons, Defendants' motion is granted. Judgment shall be entered in favor of the moving Defendants on Plaintiff's remaining Due Process claims. In addition, Plaintiff's claims against the remaining unserved Defendants shall be dismissed without prejudice for lack of service and failure to prosecute.

**I.     BACKGROUND**

As this Court previously recounted the factual background of this matter in its prior partial grant of summary judgment and only one set of Plaintiff's claims now remain before the Court, only a brief recitation of the facts is necessary for the purposes of this Opinion. In his remaining claims, Plaintiff asserts that he was denied Due Process during a 2015 disciplinary hearing in

relation to the discovery of drugs in his cell in 2014. Plaintiff's second set of Due Process claims, however, relates to the hearings he received as to these charges, which Plaintiff contends were improperly held in 2015, several months after the evidence was available. In his operative complaint, Plaintiff contended that Defendant Forbes planted prescription drugs in his cell and wrote a false disciplinary charge against him for possession of contraband. (ECF No. 87 at 19.) Plaintiff was placed in a detention unit awaiting a hearing on those charges, but the hearing was ultimately delayed until February 2015. (*Id.* at 24.) Plaintiff asserts he was denied Due Process at this hearing because the hearing was held late; he allegedly received ineffective assistance from his counsel substitute; Plaintiff was allegedly denied a polygraph, various forms of forensic evidence as to the seized contraband, video surveillance evidence, and chain of custody information for the seized contraband; and Plaintiff was prevented from questioning William Leonard, who he contends was a witness, and submitting confrontation questions to the officer who found the contraband. (*Id.*)

During his deposition, Plaintiff testified that, on August 30, 2014, "[s]omeone put medication in [his] cell." (ECF No. 180-6 at 24.) Although Plaintiff believed this to be Defendant Forbes, he did not claim to know or have seen Forbes place the drugs in his cell. (*Id.*) Plaintiff thereafter remained in pre-detention housing until mid-October, awaiting his hearing on the charges. (*Id.*) That hearing was delayed multiple times and was not held until February 2015, after state police lab results confirmed the nature of the contraband drugs found in Plaintiff's cell. (*Id.* at 24-28.)

The administrative record of this matter indicates that Officer Forbes reported that he conducted a routine cell search of Plaintiff's cell on August 30, 2014, and found a "folded piece of a paper in a toilet paper roll" which contained "two small envelopes containing possible [drugs]." (ECF No. 190-6 at 14.) Officer Forbes filled out a contraband confiscation report, which

2

Plaintiff refused to sign. (*Id.* at 24.) The drugs were thereafter submitted to the state police laboratory. The laboratory confirmed that the drug was Buproprion, an antidepressant which Plaintiff had not been prescribed. (*Id.* at 38-39.) That test was conducted on October 15, 2014. (*Id.*) The lab report, however, was not received by prison staff until February 5, 2015 (ECF No. 190-2 at 6), despite repeated requests for updates from the lab made by prison hearing officers throughout the fall and early winter of 2014. (ECF No. 190-6 at 72-76.)

On August 31, 2014, Plaintiff was served with a notice of the disciplinary charges against him related to the contraband incident. (ECF No. 190-2 at 5.) Although his hearing was initially scheduled for September 2014, because of the delayed lab results, the hearing was not scheduled until February 2015. On February 12, 2015, however, Plaintiff submitted requests for multiple forms of evidence including video surveillance of his cell area, cell search records, handwriting analysis for a note alleged to have been found with the drugs, DNA and fingerprint analysis of the seized evidence, drug testing for himself long after the fact, lab reports from the drug analysis, chain of custody reports, and SID reports. (*Id.*) Plaintiff's hearing was again delayed for consideration of these requests. The prison warden permitted Plaintiff to be provided with reports related to the seizure of the contraband, photos of the seized evidence, emails regarding the investigation, the lab reports for the drug testing, and a witness statement from Plaintiff's requested witness. The warden also permitted Plaintiff to submit confrontation questions to Forbes. (*Id.* at 6.) Plaintiff's remaining requests were either denied as irrelevant or unnecessary in light of the evidence at hand. (*Id.*) Forbes responded to the confrontation questions (*see* ECF No. 190-6 at 65-67), and the requested witness submitted a statement in which he asserted he had no relevant testimony to provide. (*Id.* at 68.)

Plaintiff's hearing was ultimately held on February 24, 2015, during which Plaintiff was represented by counsel substitute. (ECF No. 190-2 at 7.) The hearing officer found Plaintiff guilty

3

of the charge after considering the various reports, confrontation questions, statement of the requested witness, Plaintiff's own statement, and the reports of the officer who discovered the contraband, as well as photographs of the seized evidence. (ECF No. 190-6 at 10.) In his written decision, the hearing officer found that the evidence submitted strongly supported the charge that Plaintiff possessed the contraband found in Plaintiff's cell. The hearing officer also found that Plaintiff had provided no real evidence that called the hearing-related evidence into question beyond his own suppositions. In addition, the lab results confirmed the substance was a drug that Plaintiff had not been prescribed. (*Id.* at 10-11.) Plaintiff was sanctioned with 90 days of administrative segregation, 90 days of lost commutation credits, urine monitoring, and the loss of contact visits. (*Id.*) Plaintiff appealed, and the assistant superintendent upheld the sanctions. (*Id.* at 5.)

Plaintiff thereafter filed an appeal to the Superior Court of New Jersey Appellate Division. (ECF No. 190-7.) In its opinion, the Appellate Division first rejected Plaintiff's contention that the delay in Plaintiff's hearing amounted to a denial of Due Process under state law. (*Id.* at 3.) As the Appellate Division explained, although state administrative rules normally require a hearing in short order after a disciplinary charge, reasonable delays, including a five-month delay for the testing of suspected controlled substances, do not run afoul of the rules or amount to a denial of state due process rights. (*Id.*) The Appellate Division rejected any contention that the report in this matter had been delayed, finding that Plaintiff had admitted that the report had only been received by the prison in early February 2015, and any previous delays were the result of "troubling inefficiencies" in state testing labs. (*Id.*)

The Appellate Division also rejected Plaintiff's contention that he had been improperly denied a polygraph or other evidentiary requests. As the Appellate Division explained, although state law permits inmates to request a polygraph, one need not be permitted when corroborating

4

physical evidence—such as the seized contraband and the containers in which it is hidden—support the charges. (*Id.* at 4.) The Appellate Division further held that the hearing officer "properly denied [Plaintiff's] request for records," video surveillance, urinalysis, and other forensic testing because cells may be searched at any time, there was no available video evidence, urinalysis was unnecessary in light of the charge being for possession rather than ingestion or use of the drug, and further forensic testing could not have exonerated Plaintiff as such testing was at best ancillary to the charges. (*Id.*) The Appellate Division also noted that, contrary to Plaintiff's claims, he was provided a statement from his requested witness, and responses to his confrontation questions, and Plaintiff had been given a copy of the state's lab report during the proceedings. (*Id.*) Finally, the Appellate Division rejected Plaintiff's contention that his counsel substitute had been ineffective, finding that while state law gave Plaintiff a right to request counsel substitute, the substitute was not held to the same standards as criminal attorneys and Plaintiff had failed to show counsel substitute was incompetent or failed to adequately fill his limited role. (*Id.* at 5.) Indeed, the Appellate Division noted that the substitute had kept apprised of the record, inquired about hearing delays, examined the evidence, prepared a brief for Plaintiff's request for a polygraph, and properly assisted Plaintiff in his hearing. The Appellate Division therefore found that Plaintiff failed to show any violation of state due process protections in his hearing. (*Id.*)

## II.     **LEGAL STANDARD**

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A

factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment, a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine [dispute] for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014).

> A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine [dispute] as to a material fact for trial.

*Serodio*, 27 F. Supp. 3d at 550.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, the Court is free to consider the moving party's statement of material facts undisputed and therefore admitted for the purposes of resolving the motion for summary judgment. *See, e.g., Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at *2-3 (D.N.J. Feb. 14, 2017). Even where the defendants' statement of material facts is deemed

6

admitted and unopposed, a district court is still required to "satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that [defendants are] entitled to judgment as a matter of law" in order to grant summary judgment. *Id.* at 2 (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

### III.  DISCUSSION

#### A.  Plaintiff's Remaining Due Process Claims

Following the Court's previous partial grant of summary judgment to Defendants, the only claims which remain in this matter are Plaintiff's claims asserting that he was denied Due Process in relation to his 2015 drug-related disciplinary proceedings. Defendants now move for judgment as to those claims, arguing, *inter alia*, that Plaintiff received all process which was due in those proceedings. "[T]he act of filing [allegedly] false disciplinary charges does not itself violate a prisoner's constitutional rights." *Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). At a prison disciplinary hearing, the Due Process Clause requires that a prisoner be afforded written notice of the charges against him and no less than 24 hours within which to prepare his defense and obtain any evidence, a written statement by the fact finder as to the evidence relied upon and the reasoning behind his decision, and an opportunity to call witnesses and present documentary evidence in the plaintiff's defense when doing so is not unduly hazardous to institutional safety or the correctional facility's goals. *Poole*, 2012 WL 694689, at *2; *see also Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974). New Jersey state law has in turn entitled prisoners subject to disciplinary hearings further procedural protections including written notice and at least 24 hours to prepare for their hearings, an impartial tribunal which may include Department of Corrections staff, the right to call witnesses and present documentary evidence subject to limitations based on undue hazards to institutional

7

safety or correctional concerns, a limited right to the confrontation and cross-examination of witnesses subject to safety and security concerns, a right to a written statement of the evidence relied upon by the tribunal and a statement of reasons supporting the tribunal's decision, and the assistance of counsel substitute, which includes the right to be read the charges where the inmate is illiterate or is unable to prepare his own defense. *See Avant v. Clifford*, 67 N.J. 496, 525-33 (1975); *see also Ries v. Dep't of Corr.*, 933 A.2d 638, 641 (N.J. App. Div. 2007) (citing *Avant* as setting forth the "applicable norms of due process" in New Jersey for prison disciplinary hearings).

Here, Defendants argue and the record conclusively shows that Plaintiff received all the process that he was due. Plaintiff received a written notice of the charges in late August 2014, had significantly more than 24 hours to prepare for his hearing, was provided counsel substitute during his hearing, was permitted to request a statement from an alleged witness and to present cross examination questions to the charging officer, and was provided written notice of the evidence relied upon by the hearing officer and access to the evidence relied upon at the hearing. Plaintiff was also permitted to present his own evidence and statement, and was provided those pieces of evidence that the hearing officer and prison administrator did not find irrelevant or unnecessary to the charges considered at the hearing.

As the Appellate Division's opinion and the record make clear, Plaintiff was permitted wide latitude to request evidence, was provided relevant evidence, and was only denied evidence that would not have changed the outcome of the proceedings. Likewise, as the Appellate Division held, state law does not prohibit hearing delays, such as the one Plaintiff experienced where the delay is caused by the need to acquire relevant laboratory evidence. State law also does not mandate a polygraph or the other evidence Plaintiff requested where there was sufficient corroborating evidence—such as the contraband, lab reports, physical evidence of the roll and paper used to hide the contraband, and the charging officer's statement—to support the charge and

sanctions imposed. In addition, the record is devoid of any evidence or testimony to support Plaintiff's contention that counsel substitute was incompetent or that the hearing officer was partial. Upon full consideration of the record, and the Appellate Division's decision as to the requirements of state law, it is clear that Plaintiff received all of the process he was due in his February 2015 hearing on the drug related charges, and Defendants are thus clearly entitled to judgment as a matter of law on Plaintiff's remaining Due Process claims. Defendants' motion shall therefore be granted.[1]

### B. The Unserved Defendants

In addition to the moving Defendants, Plaintiff named a number of additional Defendants who had never been served as well as several fictitious Defendants. Although the Court dismissed the fictitious Defendants in its previous opinion and order, the Court directed Plaintiff to show cause, by March 29, 2025, as to why the remaining unserved Defendants should not be dismissed for lack of service and lack of prosecution. (*See* ECF No. 187.) As the Court previously explained, pursuant to Rule 4 of the Federal Rules of Civil Procedure, a plaintiff is required to serve his complaint upon all named defendants within 90 days, and a court may, on motion of a defendant or on its own after notice to the plaintiff, dismiss claims against any unserved defendants. *See Tyler v. Cruz*, No. 15-2951, 2019 WL 1149780, at *8 (D.N.J. Mar. 13, 2019); *see also Manuel v. Atkins*, 545 F. App'x 91, 95 (3d Cir. 2013). Likewise, the Court may dismiss claims against any defendant that a plaintiff fails to timely prosecute. *See* Fed. R. Civ. P. 41; *see also Rogers v. N.J. Dept' of Corr.*, No. 21-2891, 2022 WL 4533848, at *5-6 (3d Cir. Sept. 28, 2022). As Plaintiff has not served the remaining Defendants, and has not otherwise attempted to prosecute his claims

---

[1] As the record conclusively demonstrates that Plaintiff received all process he was due and that Defendants are therefore entitled to judgment as a matter of law as to all of Plaintiff's remaining Due Process claims, the Court need not, and does not, discuss Defendants' arguments regarding the Entire Controversy Doctrine, Collateral Estoppel, or Res Judicata.

against them, and as Plaintiff has failed to timely show cause as to why his claims against them should not be dismissed, all of Plaintiff's claims against the remaining unserved Defendants are dismissed for lack of service and failure to prosecute.

## IV.  CONCLUSION

In conclusion, the moving Defendants' Second Motion for Summary Judgment (ECF No. 190) is **GRANTED**.  Judgment shall be entered in favor of the moving Defendants on Plaintiff's remaining Due Process claims.  Plaintiff's claims against the remaining unserved Defendants are **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
